IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRENT HARSH, BAR NO. 8814.

No. 83834

FILED

FEB 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation to publicly reprimand attorney Brent Harsh for violating RPC 4.2 (communication with persons represented by counsel). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Harsh committed the violation charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's factual findings that Harsh violated RPC 4.2 as those findings are supported by substantial evidence and are not clearly erroneous. SCR 105(3)(b); *In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019). In particular, the record shows that an attorney sent Harsh a letter stating that he represented the party adverse to Harsh's client and that, thereafter, Harsh sent a letter directly to that adverse party. Both letters were admitted into evidence, and the attorney who sent Harsh the letter regarding his representation of the adverse party testified about his other communications with Harsh regarding the case. This evidence supports the complaint's allegations concerning Harsh's professional misconduct. SCR 105(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

22-05426

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Here, Harsh negligently violated duties owed to the legal system. His misconduct had the potential for injury by interfering with the outcome of the underlying legal proceeding.

The baseline sanction for Harsh's misconduct, before consideration of aggravating and mitigating circumstances, is a public reprimand. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.33 (Am. Bar Ass'n 2018) (providing that a reprimand is appropriate when "a lawyer is negligent in determining whether it is proper to engage in communication with an individual in the legal system, and causes injury or potential injury to a party or interference or potential interference with the outcome of the legal proceeding"). The panel found and the record supports one aggravating circumstance (substantial experience in the practice of law) and one mitigating circumstance (lack of prior discipline). Considering all the factors, we agree with the panel that a public reprimand is appropriate to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby publicly reprimand attorney Brent Harsh for violating RPC 4.2 (communication with persons represented by counsel). Harsh shall pay the actual costs of the disciplinary proceedings as provided in the State Bar's memorandum of costs, including $1,500 under SCR 120(3), within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:   Chair, Northern Nevada Disciplinary Board
      Lemons, Grundy & Eisenberg
      Eric A. Stovall
      Bar Counsel, State of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.